No. 25-_____

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

IN RE:
SAMUEL H. HALL, JR.
*Petitioner*,

*and*

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF THE VIRGIN ISLANDS
*Respondent*

---

## PETITION FOR WRIT OF MANDAMUS TO
## THE U.S. DISTRICT COURT OF THE VIRGIN ISLANDS
(Hon. Robert Molloy, Chief Judge, District of the Virgin Islands)

District Court Case No. 3:11-cv-00054

---

Robert L. King, Esq.

KING & KING LAW, PC
5043 Norre Gade, 11A, Ste.2
St. Thomas, VI 00802
340-776-1014
rlking@attyking.com

*Counsel for Petitioner*

# TABLE OF CONTENTS

TABLE OF CONTENTS....................................................................... i

TABLE OF AUTHORITIES ............................................................ ii

EXHIBIT LIST.................................................................................. iii

INTRODUCTION ............................................................................. 1

JURISDICTION................................................................................ 2

ISSUES PRESENTED .................................................................... 3

PROCEDURAL HISTORY ............................................................. 4

ARGUMENT ..................................................................................... 5

    1.   The District Court's Failure to Implement the Mandate and Decide the Dispositive Motions Is a Clear Failure to Exercise Jurisdiction. .................................................................................. 6

    2.   Petitioner Has No Other Adequate Remedy.......................... 7

    3.   The Issuance of the Writ is Necessary and Appropriate Under the Circumstances ............................................................ 9

CONCLUSION............................................................................... 10

CERTIFICATE OF SERVICE .....**Error! Bookmark not defined.**

# TABLE OF AUTHORITIES

## Cases

*Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35–36 (1980).... 12

*Allied Chem. Corp. v. Daiflon, Inc.*, 449 US. 33, 34-35 (1980)........ 9

*Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004)........................ 11

*Cheney v. U.S. Dist. Ct.,* 542 U.S. 367,380 (2004).................... 9, 12

*In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378–79 (3d Cir.
    2005). ....................................................................................... 11

*In re Int'l Bus. Machs. Corp.*, 687 F.2d 591, 600 (2d Cir. 1982) ... 11

*In re United States*, 273 F.3d 380, 388 (3d Cir. 2001).................. 13

*Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990)............. 10

*Madden v. Myers*, 102 F.3d. 74, 79 (3d. Cir. 1996) ................... 9, 12

*McClellan v. Young*, 421 F.2d 690, 691 (6th Cir. 1970) ............... 10

*Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 661–62 (1978). .......... 13

*Will v. Calvert Fire Ins. Co.*, 437, U.S. 655, 661-62 (1978) ............. 9

## Statutes

28 U.S.C. § 1651(a), ................................................................ 5, 6,11

*28 U.S.C. §1291*.............................................................................. 5

28 U.S.C. §1651(a). ......................................................................... 8

*All Writs Act 28 U.S.C. §1651(a)* .................................................... 5

## Rules

*Federal Rules of Appellate Procedure 21* ........................................ 5

# EXHIBIT LIST

## Exhibit 1 – Third Circuit Mandate (Sept. 24, 2018)

Mandate of the U.S. Court of Appeals for the Third Circuit remanding for further proceedings on the Estate's tax-liability, conversion, and legal-malpractice claims. (*Hall v. Hall*, No. 3:11-cv-00054 (D.V.I.).)

## Exhibit 2 – Certified District-Court Docket:

Certified docket sheet for *Hall v. Hall*, No. 3:11-cv-00054 (D.V.I.), reflecting:

- ECF 487–488 (Defs.' MSJ on conversion / removal of lis pendens) – filed Oct. 28, 2021;
- ECF 489–491 (Defs.' renewed partial SJ on legal malpractice) – filed Oct. 29, 2021;
- ECF 500–502 (Petitioner's MSJ on conversion / amended memorandum) – filed Dec. 17, 2021;
- ECF 512 (Motion for preference and rulings) – filed Sept. 6, 2023;
- ECF 515 (Renewed motion for preference and rulings) – filed May 16, 2024;
- No orders adjudicating ECF 487–491 or 500–502.

## Exhibit 3 – District Court Order (Sept. 23, 2024)

Order denying ECF 512 and ECF 515 without deciding the pending dispositive motions or setting the case for trial. (*Hall v. Hall*, No. 3:11-cv-00054 (D.V.I.).)

## INTRODUCTION

Petitioner Samuel H. Hall, Jr. seeks a narrowly tailored writ to restart a case that has stalled on a limited remand. The matter is *Hall v. Hall*, No. 3:11-cv-00054 (D.V.I.)—a civil action brought by the Estate and Trust of Ethlyn Louise Hall against Mr. Hall and his law firm. The case was tried to juries in 2015 and 2017. In 2018, this Court remanded for one purpose: conduct further proceedings on three discrete claims—tax liability, conversion, and legal malpractice—and bring the case to resolution.

To implement that mandate, the parties filed targeted summary-judgment motions in October and December 2021. Since then, the district court has not ruled on those motions, has denied requests to prompt rulings without reaching the merits, and has set no trial date. Seven years after remand—and nearly four years after full briefing—the remanded claims remain unadjudicated and the case has no path forward.

The consequences are concrete. This is a 2011 action. Memories fade, evidence stales, costs accumulate, and a prevailing party from two jury trials—now nearly 78 and a cancer survivor—

continues to shoulder the burden of unresolved litigation. There is no final order to appeal and no interlocutory route. Delay is the injury.

The relief sought is modest and appropriate. The petition does not ask this Court to decide the merits; it asks the Court to ensure that the merits are decided. A writ directing the district court to adjudicate the fully briefed dispositive motions, to conduct any further proceedings required by the 2018 mandate, and—if issues remain—to set the case for trial on a prompt schedule, simply restores the ordinary course of adjudication. In these circumstances, mandamus is the only vehicle capable of breaking the deadlock and returning this case to resolution.

## JURISDICTION

This petition is brought under the All Writs Act, 28 U.S.C. § 1651(a), and Fed. R. App. P. 21. The Court's authority extends to confining a district court to its lawful duties and compelling action where the court "persistently and without reason refuses to adjudicate a case properly before it." *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 661–62 (1978) (plurality). The Third Circuit has

2

recognized that "undue delay is tantamount to a failure to exercise jurisdiction." *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir. 1996).

Because the district court has not complied with the 2018 mandate (Ex. 1) and has left dispositive motions undecided for years (certified docket and order, Exs. 2–3), Petitioner lacks any adequate alternative to mandamus.

## ISSUES PRESENTED

1.    Whether the district court's failure to conduct the further proceedings required by this Court's September 24, 2018 mandate on the Estate's tax-liability, conversion, and legal-malpractice claims warrants issuance of a writ of mandamus.

2.    Whether the district court's prolonged failure to decide fully briefed dispositive motions filed in October and December 2021 constitutes undue delay tantamount to a failure to exercise jurisdiction and warrants mandamus.

3.    Whether the Court should direct the district court to decide the pending dispositive motions and set any remaining issues for trial on a prompt schedule, with a short status report confirming compliance.

3

## PROCEDURAL HISTORY

In 2011, Ethlyn Hall—individually and as trustee of the Ethlyn Louise Hall Family Trust—filed the underlying action in the District Court of the Virgin Islands against Petitioner Samuel H. Hall, Jr. and Hall & Griffith, P.C. (No. 3:11-cv-00054). In 2013, Petitioner filed a related action against Elsa Emily Hall; the matters were consolidated for discovery and trial. The district court dismissed the Estate's tax-liability, conversion, and legal-malpractice claims and tried the remaining claims to juries in 2015 and 2017. The juries rejected the Estate's claims and returned verdicts in Petitioner's favor, with the second trial producing a larger award.

On September 24, 2018, this Court issued a limited mandate directing further proceedings on the Estate's tax-liability, conversion, and legal-malpractice claims (Ex. 1). The case was reassigned on May 13, 2020. To implement the mandate, the parties filed targeted summary-judgment motions in late 2021: on October 28, 2021 (ECF 487–488), October 29, 2021 (ECF 489–491), and December 17, 2021 (ECF 500–502). As reflected on the certified

district-court docket, none of those motions has been decided (Ex. 2).

As the delay persisted, Petitioner moved the district court to prompt rulings and set a schedule—filings made on September 6, 2023 and May 16, 2024 (ECF 512; 515, see Ex. 2). On September 23, 2024, the court denied those requests without reaching the merits or setting the case for trial (Ex. 3).

More than seven years have elapsed since this Court's mandate and nearly four years since the dispositive motions were fully briefed; no merits rulings have issued and no trial has been scheduled. This posture warrants mandamus: the district court has not exercised jurisdiction over the remanded claims, there is no adequate alternative avenue for review, and a writ is necessary to enforce the mandate, compel rulings on the pending motions, and set any remaining issues for trial.

## ARGUMENT

A writ of mandamus is warranted when (1) the district court's error is clear and indisputable, (2) the petitioner lacks an adequate alternative remedy, and (3) the writ is appropriate to correct the

breakdown and preserve the integrity of the process. *Gillette v. Prosper*, 858 F.3d 833 (3d Cir. 2017); *Cheney v. U.S. Dist. Ct.,* 542 U.S. 367, 380 (2004); *In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378–79 (3d Cir. 2005).

1.  **The District Court's Failure to Implement the Mandate and Decide the Dispositive Motions Is a Clear Failure to Exercise Jurisdiction.**

Mandamus lies where a district court "persistently and without reason refuses to adjudicate a case properly before it." *Will*, 437 U.S. at 661-62. In this Circuit, "undue delay is tantamount to a failure to exercise jurisdiction." *Madden*, 102 F.3d. at 79; *In re Short*, 408 Fed. Appx. 576 (3d Cir. 2010).

Those principles describe this case. This Court remanded in 2018 for further proceedings on three discrete claims—tax liability, conversion, and legal malpractice (Ex. 1). To implement that mandate, the parties filed targeted summary-judgment motions in October and December 2021; none has been decided (certified docket, Ex. 2). When Petitioner sought rulings and a schedule in 2023 and 2024, the court denied those requests without reaching the merits and without setting the case for trial (Ex. 3). Seven years

6

post-mandate and nearly four years after full briefing, there are still no merits rulings and no trial date.

This is not docket management; it is non-exercise of jurisdiction within the meaning of *Madden*. Delay precedents in the habeas context underscore the same principle: even fourteen months of inaction warranted mandamus. *Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990); *McClellan v. Young*, 421 F.2d 690, 691 (6th Cir. 1970). The delay here is longer and the record cleaner: a clear mandate, fully briefed dispositive motions, multiple requests to move the case, and still no adjudication.

The prejudice is real and compounding. This is a 2011 case. Memories fade; evidence stales; costs mount; and a limited remand sits unaddressed. On these facts, the district court's sustained inaction is "persisten[t] and without reason" within *Will* and a textbook failure to exercise jurisdiction under *Madden*. Mandamus is warranted on this ground alone.

## 2.    Petitioner Has No Other Adequate Remedy

Mandamus lies only when the petitioner lacks any other adequate means to attain the relief he desires, and when delay itself

defeats meaningful review. *Cheney*, 542 U.S. at 380; *Diet Drugs*, 418 F.3d at 378–79.

Those conditions are met here. The district court has not complied with this Court's 2018 mandate and has not decided the fully briefed dispositive motions filed in October and December 2021. There is therefore no final judgment to appeal under 28 U.S.C. § 1291, and no interlocutory path under § 1292 because no order resolving a controlling question of law has issued and no certification exists. The certified docket confirms the standstill— dispositive motions filed; no rulings entered; requests to prompt rulings denied without merits action. The case is trapped in procedural limbo.

Petitioner has exhausted reasonable in-court avenues to move the matter along: targeted summary-judgment filings to implement the mandate; motions in 2023 and 2024 asking the court to decide those filings and set a schedule. The court declined to act on the merits. In these circumstances, ordinary appellate review is foreclosed, and continued delay is itself the harm. *Diet Drugs*, 418 F.3d at 378–79.

8

This is the sort of indefinite prolongation of proceedings that warrants extraordinary relief. And in this Circuit, "undue delay is tantamount to a failure to exercise jurisdiction." *Madden*, 102 F.3d at 79. With no appealable order, no interlocutory route, and years of inaction despite targeted filings, Petitioner has no adequate alternative remedy. Mandamus is the only effective means to restore forward progress.

### 3.     The Issuance of the Writ is Necessary and Appropriate Under the Circumstances

Mandamus is an equitable remedy reserved for exceptional situations—where failure to act threatens the integrity of the process or amounts to a "usurpation of power" or a clear abuse of discretion. *See Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35–36 (1980). This is such a case.

The equities all point one way. Seven years after this Court's mandate, and nearly four years after fully briefed dispositive motions, the district court has neither decided the motions nor set the case for trial. Parties cannot prepare for a trial that does not exist. Claims remain unresolved, appellate review is unavailable, memories fade, evidence goes stale, and costs mount—particularly

onerous in a case filed in 2011 with a petitioner who is nearly 78 and a cancer survivor. This Court has recognized that delay of this magnitude undermines confidence in the judicial process and denies the parties justice. *In re United States*, 273 F.3d 380, 388 (3d Cir. 2001).

The relief sought is narrow and respects trial-court discretion. The petition does not ask this Court to decide the merits; it asks the Court to ensure that the merits are decided. A tailored writ directing the district court to (1) rule on the pending dispositive motions, (2) conduct the proceedings the mandate requires, (3) enter final judgment if appropriate or set any remaining claims for trial on a prompt schedule, and (4) file a short status report confirming compliance, simply restores the ordinary course of adjudication. That is precisely what mandamus is for—compelling a court to exercise its jurisdiction where persistent inaction has effectively refused it. *See Will*, 437 U.S. at 661–62.

## CONCLUSION

This limited remand has sat unresolved for seven years, and fully briefed dispositive motions have remained undecided for

nearly four. There is no appealable order and no interlocutory path; delay itself is the harm. The district court's sustained inaction is tantamount to a failure to exercise jurisdiction. Mandamus is necessary to enforce this Court's mandate and restore forward movement in a 2011 case that should already be finished.

The petition should be granted. The Court should direct the district court to: (1) decide the pending dispositive motions; (2) conduct the further proceedings required by the 2018 mandate; (3) enter final judgment if appropriate or set any remaining claims for trial on a prompt schedule set by this Court; and (4) file a short status report confirming compliance. This relief is narrow, respects the district court's discretion on the merits, and simply requires the court to do what the mandate and Article III already demand—decide the issues and bring the matter to conclusion.

DATED: September 15, 2025

/s/ Robert L. King
Robert L. King, Esq.
V.I. Bar No. 188
KING & KING LAW, PC
5043 Norre Gade, 11A, Ste.2
St. Thomas, VI 00802
340-776-1014

11

rlking@attyking.com
Counsel for Samuel Hall, Jr.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of September, 2025, I electronically filed the foregoing Petition for Writ of Mandamus with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to:

Andrew C. Simpson, Esq.
VI Bar No. 41
2191 Church Street, Ste 5
Christiansted, VI 00820
340-719-3900
asimpson@coralbrief.com

/s/Robert L. King, Esq.